FILED
CLERK

JAP:MKP

2016 JUN -2 PM 1:58

UNITED STATES DISTRICT COURT FOR THE U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK       EASTERN DISTRICT
OF NEW YORK

## MISC 16 - 449

| | |
|---|---|
| IN RE APPLICATION OF THE ) | MISC. NO. ____ |
| UNITED STATES OF AMERICA FOR ) | |
| AN ORDER PURSUANT TO ) | ROSS, J. |
| 18 U.S.C. § 3512 ) | |
| ) | |
| Request from Canada for Assistance in a ) | |
| Criminal Matter: Sanjay Francis ) | |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Moira Kim Penza, Assistant U.S. Attorney (or a substitute or successor subsequently designated by the U.S. Attorney), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from Canada. In support of this application, the United States asserts:

### RELEVANT FACTS

1.     On March 23, 2016, the Minister of Justice of Canada submitted a request for assistance (hereinafter, the "Request") to the United States, pursuant to the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal

Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY DOC. NO. 100-14

(1988) (hereinafter, the "Treaty"). As stated in the Request, the Ministry of the Attorney General

of Ontario charged Sanjay Francis ("Francis") with numerous offenses, including four counts of

Threatening Death, one count of Criminal Harassment, and four counts of Failure to Comply

with Probation, in violation of 264.1(1), 264(1), and 733.1(2) of the Canadian Criminal Code. A

copy of the applicable law is included as Attachment A to this application. Under the Treaty, the

United States is obligated to render assistance in response to the Request.

    2.     According to authorities in Canada, between on or about May 3, 2012, and

July 11, 2012, Francis, while on probation, harassed and threatened to kill Redacted

Redacted . On February 3, 2015, Francis pled guilty before the Ontario Court of

Justice to four counts of Threatening Death, one count of Criminal Harassment, and four counts

of Failure to Comply with Probation. Canadian prosecutors have asked the court to declare

Francis a "dangerous or long-term offender" so as to be able to sentence him to a penitentiary for

an indeterminate period of time. Accordingly, on April 8, 2016, the Canadian court ordered that

Francis be remanded for an assessment by a forensic psychiatrist, pursuant to 752.1 of the

Canadian Criminal Code. The assessment will determine whether Francis constitutes a threat to

the life, safety or physical and mental well-being of other persons and thus should be found to be

a "dangerous offender" under section 753 of the Canadian criminal code. This finding is made

on the basis of evidence establishing (i) a pattern of repetitive behavior that shows the accused's

failure to restrain his behavior, and a likelihood of causing death or injury to other persons, or

inflicting severe psychological damage on other persons, through such failure; and/or (ii) a

pattern of persistent aggressive behavior by the offender that shows a substantial degree of indifference respecting the reasonably foreseeable consequences of his behavior to other persons. This assessment will last for a period not to exceed 60 days. A copy of the Canadian court's order of April 8, 2016, is included as Attachment B to this application.

3. In March 2016, a Canadian probation officer provided Canadian authorities with documents from the Suffolk County Probation Department, which reflect, inter alia, that (1) in April 1992, Francis, who was 15 years' old, Redacted



, (2) in October 1994, Francis, who was a 17 year-old Redacted

s, (3) in February 1995, Francis, who was 17 years old, Redacted

and (4) in September 2006, Francis was convicted of 2nd degree contempt and three counts of 3rd degree assault. Canadian authorities also discovered that records pertaining to Francis' psychiatric assessment at Redacted

4. To further the court-ordered psychiatric assessment and the sentencing proceedings, Canadian authorities have asked U.S. authorities to provide (1) all records pertaining to Francis' arrests and convictions, adult and juvenile in the United States, (2) all records, charts and notes pertaining to Redacted



(5) all probation records pertaining to Francis at the Suffolk County Department of Probation.

## LEGAL BACKGROUND

### The Treaty

5.    A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.    The United States and Canada entered into the Treaty for the purpose of promoting cooperation in criminal matters. Treaty pmbl. The Treaty obligates each state, upon request, to provide assistance to the other in criminal investigations and proceedings, including assistance in serving documents, obtaining testimony and records, and executing searches and seizures. Article II. In addition, the Treaty, like 18 U.S.C. §3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article VII (1) ("The Courts of the Requested State shall have jurisdiction to issue subpoenas, search warrants or other orders

necessary to execute the request").

### 18 U.S.C. § 3512

7.     When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. §3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> \*        \*        \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the district ... in which the documents or thing to be produced are located[.]

> \*        \*        \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

9.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, Criminal Division, U.S. Department of Justice, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2] Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including (1) search warrants under Fed. R. Crim. P. 41, (2) orders for electronic records under 18 U.S.C. § 2703, (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123, and (4) orders appointing a person to direct the taking of testimony or statements and/or the

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. §1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including magistrate judge in the definition of federal judge).

production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to (1) issue an order requiring a person to appear and/or produce documents or other things, (2) administer any necessary oaths, (3) take testimony or statements, and (4) take receipt of documents or other things. 18 U.S.C. §3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection d, may be served or executed anywhere in the United States. 18 U.S.C. §3512(f). Copies of the Commissioner Subpoenas being requested here are included as Attachment C.

REQUEST FOR ORDER

11.     The Department of Justice, Criminal Division, Office of International Affairs reviewed and authorized the Request, and by letter dated April 5, 2016, transmitted the Request to the U.S. Attorney's Office in the Eastern District of New York for execution. Consequently,

this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Minister of Justice of Canada, the designated Central Authority in Canada for requests made pursuant to the Treaty, Treaty art. I, and seeks assistance in the proceedings related to the prosecution of criminal offenses, specifically, proceedings related to sentencing. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of records, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the Eastern District of New York.

12.     Although some of the records sought are medical records Redacted and are covered by the Health Information Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §1320d-8; 42 U.S.C. §1320a-7c, see also, 45 C.F.R. §§164.102-164.534, HIPAA authorizes disclosure of medical records for law enforcement purposes. 45 C.F.R. §164.512(f)(1)(ii)(A). See e.g., United States v. Wilk, 572 F.3d 1229, 1236 (11th Cir. 2009) (the district court correctly concluded that HIPAA authorizes the disclosure of confidential medical records for law enforcement purposes, or in the course of a judicial proceeding, in response to a court order or grand jury subpoena). See also, In re Grand Jury Proceedings, 450 F. Supp. 2d 115 (D. Maine 2006) (court denied motion to quash grand jury subpoena for records involving involuntary commitment). In addition, New York law also authorizes disclosure of medical records pursuant to a court order upon a finding by the court

that the interests of justice significantly outweigh the need for confidentiality. See, Schwenk v. Kavanugh, 4 F.Supp. 2d 110, 114 (N.D.N.Y. 1998) (court must weigh public interest against the need for continued confidentiality). See also, N.Y. Mental Hyg. Law. §33.13(c)(1) (permitting release of records with court order finding that the interests of justice significantly outweigh the need for confidentiality). Here, the interests of justice significantly outweigh the need for confidentiality. See also, United States v. Bertie County Board of Education, 319 F. Supp. 2d 669 (E.D.N.C. 2004) (district court granted motion to compel production of information from school district under the law enforcement exception to FERPA); the Family Educational Rights and Privacy Act of 1974 ("FERPA"), specifically provides that an educational institution may provide records without consent in response to a subpoena for a law enforcement purpose at 20 U.S.C. §1232g(b)(1)(J)(ii).

13.     This application is being made ex parte, consistent with the United States' practice in its domestic criminal matters. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s). See generally In re Letter of Request from the Government of France, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").

14.     The United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. §3512, appointing the undersigned attorney, Moira Kim Penza, Assistant U.S. Attorney, or a successor subsequently designated by the U.S. Attorney's Office) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

Moira Kim Penza
Assistant United States Attorney

**ATTACHMENT A**

### Relevant Provisions of the Canadian Criminal Code

**Threatening Death**: Section 264.1 of the *Criminal Code* of Canada states that:

264.1 (1) Everyone commits an offense who, in any manner, knowingly utters, conveys or causes any person to receive a threat

      (a) to cause death or bodily hmm to any person;

      (b) to burn, destroy or damage real or personal property; or

      (c) to kill, poison or injure an animal or bird that is the properly of any person.

*Punishment*

(2) Everyone who commits an offence under paragraph (l)(a) is guilty of

      (a) an indictable offense and liable to imprisonment for a term not exceeding five years; or

      (b) an offense punishable on summary conviction and liable to imprisonment for a term not exceeding eighteen months.

*Idem*

(3) Everyone who commits an offense under paragraph (1)(b) or (c)

      (a) is guilty of an indictable offence and liable to imprisonment for a term not exceeding two years; or

      (b) is guilty of an offence punishable on summary conviction.

R.S., 1985, c. 27 (lst Supp.), s. 38;1994, c. 44, s. 16.

**Criminal Harassment**: Section 264(1) of the *Criminal Code* of Canada states that:

No person shall, without lawful authority and knowing that another person is harassed or recklessly as to whether the other person is harassed, engage in conduct referred to in subsection (2) that causes that other person reasonably, in all the circumstances, to fear for their safety or the safety of anyone known to them.

*Prohibited conduct*

(2) The conduct mentioned in subsection (1) consists of

      (a) repeatedly following from place to place the other person or anyone known to them;

      (b) repeatedly communicating with, either directly or indirectly, the other person or anyone known to them;

      (c) besetting or watching the dwelling-house, or place where the other person, or anyone known to them, resides, works, carries on business or happens to be; or

      (d) engaging in threatening conduct directed at the other person or any member of their family.

*Punishment*

(3) Every person who contravenes this section is guilty of

    (a) an indictable offence and is liable to imprisonment for a term not exceeding ten years; or

    (b) an offence punishable on summary conviction.

*Factors to be considered*

(4) Where a person is convicted of an offence under this section, the court imposing the sentence on the person shall consider as an aggravating factor that, at the time the offence was committed, the person contravened

    (a) the terms or conditions of an order made pursuant to section 161 or a recognizance entered into pursuant to section 810, 81 O. 1 or 810.2; or

    (b) the terms or conditions of any other order or recognizance made or entered into under the common law or a provision of this or any other Act of Parliament or of a province that is similar in effect to an order or recognizance referred to in paragraph (a).

*Reasons*

(5) Where the court is satisfied of the existence of an aggravating factor referred to in subsection (4), but decides not to give effect to it for sentencing purposes, the court shall give reasons for its decision.

R.S., 1985, c. C-46, s. 264;R.S., 1985, c. 27 (1st Supp.), s. 37;1993, c. 45, s. 2;1997, c. 16, s. 4, c. 17, s. 9;2002, c.13, s. 10.

**Failure to Comply with Probation:** Section 733. l(l) of the *Criminal Code* of Canada states that:

733.l (1)An offender who is bound by a probation order and who, without reasonable excuse, fails or refuses to comply with that order is guilty of

    (a) an indictable offense and is liable to imprisonment for a term not exceeding two years; or

    (b) an offence punishable on summary conviction and is liable to imprisonment for a term not exceeding eighteen months, or to a fine not exceeding two thousand dollars, or both.

*Where accused may be tried and punished*

    (2) An accused who is charged with an offense under subsection (1) may be tried and punished by any court having jurisdiction to try that offence in the place where the offence is alleged to have been committed or in the place where the accused is found, is arrested or is in custody, but where the place where the accused is found, is arrested or is in custody is outside the province in which the offense is alleged to have been committed, no proceedings in respect of that offence shall be instituted in that place without the consent of the Attorney General of that province.

1995, c. 22, s. 6.

**ATTACHMENT B**

## ASSESSMENT ORDER OF THE COURT
### *ORDONNANCE D'ÉVALUATION DE LA COUR*
ONTARIO COURT OF JUSTICE
*COUR DE JUSTICE DE L'ONTARIO*

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*
Toronto
_____
(Region / *Région*)

Sections / *Articles* 753.1 and / *et* 753.01
of the Criminal Code / *du Code criminel*

**15-70004141-00**
_____
Case/File No. / *N° du cas/dossier*

Whereas I have reasonable grounds to believe that an assessment prior to the conviction/sentencing of
*Attendu que j'ai des motifs raisonnables de croire qu'une évaluation préalable à la condamnation/au prononcé de la sentence de*

Sanjay FRANCIS                                      Redacted -77
_____                            _____
(name of offender / *nom du délinquant*)           (date of birth / *date de naissance*)

who has been charged with/convicted of   Criminal Harassment
*qui a été accusé/reconnu coupable de*    _____
                                          (list charges / *énumérer les accusations*)

is necessary to use as evidence in an application to determine:
*doit être utilisée à titre de preuve dans une demande visant à établir :*

☐ whether the accused/offender should be remanded for: _____
  *si l'accusé/le délinquant doit être renvoyé pour :*  (specify type of application/purpose / *préciser le type de demande/l'objectif*)

☒ whether the offender should be found to be a dangerous offender under section 753 of the *Criminal Code*.
  *si le délinquant doit être reconnu délinquant dangereux en vertu de l'article 753 du Code criminel.*

☒ whether the offender should be found to be a long-term offender under section 753.1 of the *Criminal Code*.
  *si le délinquant doit être reconnu délinquant à contrôler en vertu de l'article 753.1 du Code criminel.*

I hereby order  Sanjay FRANCIS                                         be remanded for an assessment
*J'ordonne par les présentes que*  (name of offender / *nom du délinquant*)  *soit renvoyé pour qu'une évaluation*

to be conducted by/at  the Brief Assessment Unit of the Centre for Addiction and Mental Health
*soit effectuée par/à*  (name of person or service by whom or place where assessment is to be made /
                        *nom de la personne ou du service par qui l'évaluation doit être effectuée ou de l'endroit où elle doit l'être*)

for a period of  60                      days.
*pour une période de*                    *jours.*

This order is to be in force for a total of  60      days, including travelling time, during which the accused is to remain
*La présente ordonnance est en vigueur pendant*  *jours, y compris le temps de déplacement, au cours desquels l'accusé doit demeurer*

☒ in custody at  Toronto South Detention Center or, while in hospital, at the Centre for Addiction and Mental Health
  *sous garde à*  (place where accused to be detained / *indiquer le lieu de détention*)

☐ out of custody, on the following conditions: (set out conditions, where applicable)
  *non-détenu sous garde, selon les conditions suivantes :* (*décrire les conditions, le cas échéant*)

Dated this  8    day of  APRIL           , 20 16
*Fait ce*           *jour de*

at  CITY OF TORONTO
*à (au)*

in the Province of Ontario / *dans la province de l'Ontario*

Redacted

_____
Judge / *Juge*
THE HONOURABLE JUSTICE R. BLOUIN

CCO-753.1 (rev. 12/08) CSD

**ATTACHMENT C**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE )<br>UNITED STATES OF AMERICA FOR )<br>AN ORDER PURSUANT TO )<br>18 U.S.C. § 3512 )<br> )<br>Request from Canada for Assistance in a )<br>Criminal Matter: Sanjay Francis ) | MISC. NO. ____ |

COMMISSIONER SUBPOENA

TO:  Redacted

I, Commissioner Moira Kim Penza, United States Attorney, Eastern District of New York, acting pursuant to the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY DOC. NO. 100-14 (1988), 18 U.S.C. § 3512, and this Court's Order thereunder dated _____, 2016, for the purpose of rendering assistance to Canada, command that you appear before me in Room 4035, in the building located at 271 Cadman Plaza East, in the city of Brooklyn, in the state of New York, on June 2, 2016, at 10:00 a.m. to provide documents pertinent to the sentencing of Sanjay Francis who has pled guilty to violations of the laws of Canada, namely, Threatening Death, Criminal Harassment, and Failure to Comply with Probation, in violation of Sections 264.1(1), 264(1), and 733.1(2) of the Canadian Criminal Code, and, that at the place and time aforesaid, you provide the following: Redacted

Redacted .

For production of documents, in lieu of appearing at the place and time aforesaid, you may make arrangements with me, at telephone number 718-254-6454, to deliver them no later than June 1, 2016.

For failure to attend and provide said records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
Moira Kim Penza
Assistant U.S. Attorney
Eastern District of New York

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 3512 ) <br> ) <br> Request from Canada for Assistance in a ) <br> Criminal Matter: Sanjay Francis ) | MISC. NO. ____ |

### COMMISSIONER SUBPOENA

TO: ▉Redacted▉

I, Commissioner Moira Kim Penza, United States Attorney, Eastern District of New York, acting pursuant to the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY DOC. NO. 100-14 (1988), 18 U.S.C. § 3512, and this Court's Order thereunder dated _____, 2016, for the purpose of rendering assistance to Canada, command that you appear before me in Room 4035, in the building located at 271 Cadman Plaza East, in the city of Brooklyn, in the state of New York, on June 2, 2016, at 10:00 a.m. to provide documents pertinent to the sentencing of Sanjay Francis who has pled guilty to violations of the laws of Canada, namely, Threatening Death, Criminal Harassment, and Failure to Comply with Probation, in violation of Sections 264.1(1), 264(1), and 733.1(2) of the Canadian Criminal Code, and, that at the place and time aforesaid, you provide the following: ▉Redacted▉

Redacted

For production of documents, in lieu of appearing at the place and time aforesaid, you may make arrangements with me, at telephone number 718-254-6454, to deliver them no later than June 1, 2016.

For failure to attend and provide said records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
Moira Kim Penza
Assistant U.S. Attorney
Eastern District of New York

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

```
                                    )
IN RE APPLICATION OF THE            )
UNITED STATES OF AMERICA FOR        )     MISC. NO. ____
AN ORDER PURSUANT TO                )
18 U.S.C. § 3512                    )
                                    )
Request from Canada for Assistance in a )
Criminal Matter: Sanjay Francis     )
                                    )
```

## COMMISSIONER SUBPOENA

TO:      Suffolk County Probation Department
100 East Avenue
Yaphank, NY 11980

I, Commissioner Moira Kim Penza, United States Attorney, Eastern District of New York, acting pursuant to the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY DOC. NO. 100-14 (1988), 18 U.S.C. § 3512, and this Court's Order thereunder dated _____, 2016, for the purpose of rendering assistance to Canada, command that you appear before me in Room 4035, in the building located at 271 Cadman Plaza East, in the city of Brooklyn, in the state of New York, on June 2, 2016, at 10:00 a.m. to provide documents pertinent to the sentencing of Sanjay Francis who has pled guilty to violations of the laws of Canada, namely, Threatening Death, Criminal Harassment, and Failure to Comply with Probation, in violation of Sections 264.1(1), 264(1), and 733.1(2) of the Canadian Criminal Code, and, that at the place and time aforesaid, you provide the following: all records pertaining

to Sanjay Francis, DOB ▓▓▓1977.

For production of documents, in lieu of appearing at the place and time aforesaid, you may make arrangements with me, at telephone number 718-254-6454, to deliver them no later than June 1, 2016.

For failure to attend and provide said records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____ 

                                     _____

                                     **COMMISSIONER**
                                     Moira Kim Penza
                                     Assistant U.S. Attorney
                                     Eastern District of New York

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512 Request from Canada for Assistance in a Criminal Matter: Sanjay Francis | ) ) ) ) ) ) ) ) ) | MISC. NO. ____ |

COMMISSIONER SUBPOENA

TO:    Redacted

I, Commissioner Moira Kim Penza, United States Attorney, Eastern District of New York, acting pursuant to the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY DOC. NO. 100-14 (1988), 18 U.S.C. § 3512, and this Court's Order thereunder dated _____, 2016, for the purpose of rendering assistance to Canada, command that you appear before me in Room 4035, in the building located at 271 Cadman Plaza East, in the city of Brooklyn, in the state of New York, on June 2, 2016, at 10:00 a.m. to provide documents pertinent to the sentencing of Sanjay Francis who has pled guilty to violations of the laws of Canada, namely, Threatening Death, Criminal Harassment, and Failure to Comply with Probation, in violation of Sections 264.1(1), 264(1), and 733.1(2) of the Canadian Criminal Code, and, that at the place and time aforesaid, you provide the following: Redacted

Redacted .

For production of documents, in lieu of appearing at the place and time aforesaid, you may make arrangements with me, at telephone number 718-254-6454, to deliver them no later than June 1, 2016.

For failure to attend and provide said records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
Moira Kim Penza
Assistant U.S. Attorney
Eastern District of New York

TO: Clerk's Office
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
CLERK

2016 JUN -2 PM 2: 03

U.S. DISTRICT COURT
EASTERN
OF NEW YO

**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

• • • • • • • • • • • • • • • • • • • • • • • • • • •
In Re Application of the United States of
America for an Order Pursuant to 18 USC 3512

-v.-

• • • • • • • • • • • • • • • • • • • • • • • • • • •

**MISC16-1449**

Docket Number

ROSS, J.

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: Moira Kim Penza
Firm Name: USAO EDNY
Address: 271 Cadman Plaza East

Phone Number: 718-254-6454
E-Mail Address: moira.penza@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
If yes, state description of document to be entered on docket sheet:

_____
_____
_____

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a new application, the statute, regulation, or other legal basis that authorizes filing under seal**

_____
_____
_____

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn _____, NEW YORK

U.S. DISTRICT JUDGE/U.S. MAGISTRATE JUDGE

RECEIVED IN CLERK'S OFFICE_____
                                              DATE

**MANDATORY CERTIFICATION OF SERVICE:**
A.) ___ A copy of this application either has been or will be promptly served upon all parties to this action, B.) ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or C.) ___ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

6/2/16
DATE

SIGNATURE